```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/14/2025__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNA VESTUTI,

        Plaintiff,

-against-

MARRIOTT INTERNATIONAL, INC.,
MARRIOTT WORLDWIDE CORPORATION and
ROYAL ST. KITTS BEACH RESORT LIMITED,

        Defendants.

24-CV-4039 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    WHEREAS, on May 26, 2024, plaintiff filed this personal injury action (Dkt. 1) against defendant Marriott International, Inc. (Marriott International); and

    WHEREAS, on August 15, 2024, plaintiff filed a First Amended Complaint (Dkt. 16), against Marriott International; and

    WHEREAS, on October 19, 2024, plaintiff filed a Second Amended Complaint (SAC) (Dkt. 33), against defendants Marriott International, Marriott Worldwide Corporation (Marriott Worldwide), and Royal St. Kitts Beach Resort Limited (Royal St. Kitts); and

    WHEREAS, on October 31, 2024, all parties consented to have the assigned Magistrate Judge conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) (Dkt. 40); and

    WHEREAS, plaintiff's claims arise out of injuries sustained when she slipped and fell on the premises of Royal St. Kitts in Frigate Bay, St. Kitt and Nevis, *see* SAC ¶¶ 84-85;

    WHEREAS, plaintiff is a citizen of New York, *see* SAC ¶ 2; and

    WHEREAS, defendant Marriott International is a Delaware corporation with its principal place of business in Maryland (Dkt. 41-2, ¶ 3); and

WHEREAS, defendant Marriott Worldwide is a Maryland corporation with its principal place of business in Maryland (Dkt. 41-2, ¶ 4); and

WHEREAS, defendant Royal St. Kitts "was duly incorporated and maintains [its] principal place of business in St. Kitts" (Dkt. 41-3, ¶ 1); and

WHEREAS, on November 8, 2024, all three defendants moved to dismiss plaintiff's Second Amended Complaint pursuant to, *inter alia*, Fed. R. Civ. P. 12(b)(2), on the ground that this Court cannot exercise either general or specific jurisdiction over any of them (Dkt. 41); and

WHEREAS, on December 17, 2024, plaintiff filed a letter-motion (Dkt. 47) requesting transfer of this action to the District of Maryland; and

WHEREAS, on December 20, 2024, defendants filed a letter (Dkt. 49) opposing plaintiff's transfer motion on the ground that the District of Maryland cannot exercise either general or specific personal jurisdiction over defendant Royal St. Kitts; and

WHEREAS, on January 13, 2025, the parties filed a stipulation of discontinuance as to Royal St. Kitts, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii); and

WHEREAS, the remaining defendants reserved their right to file "dispositive motions" in the District of Maryland; and

WHEREAS, this Court has the authority, pursuant to 28 U.S.C. § 1406(a), to transfer an improperly-venued case to "any district . . . in which it could have been brought"; and

WHEREAS, this action – as against Marriott International and Marriott Worldwide – could have been brought in the District of Maryland, where both defendants are subject to general personal jurisdiction, and where venue is proper pursuant to 28 U.S.C. § 1391(b)(1);

NOW, THEREFORE, IT IS HEREBY ADJUDGED, DECREED AND ORDERED that this action shall be and it hereby is TRANSFERRED to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1406(a).

The Clerk of Court is respectfully directed to effect the transfer immediately, without waiting the seven-day period set forth in Local Civil Rule 83.1, and to close this case.

Dated: New York, New York
January 14, 2025

**SO ORDERED.**

_____

**BARBARA MOSES**
**United States Magistrate Judge**